UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:19-cv-01101-SCB-CPT

DERRICK MCGOWAN, individually and on behalf of all others similarly situated,

CLASS ACTION

    Plaintiff,

vs.

FIRST ACCEPTANCE INSURANCE COMPANY, INC., a Texas Corporation,

    Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER COMPELLING APPRAISAL OR, IN THE ALTERNATIVE, TO DELINEATE THE SCOPE OF APPRAISAL**

Defendant First Acceptance Insurance Company, Inc. ("First Acceptance") opposes the Motion for Reconsideration of the Order Compelling Appraisal or, In the Alternative, To Delineate the Scope of Appraisal (DE 32) (the "Motion") filed by Plaintiff Derrick McGowan ("Plaintiff").

**INTRODUCTION**

Plaintiff asks the Court to reconsider its August 14, 2019 Order Granting First Acceptance's Motion to Compel Appraisal and Dismiss Class Action Complaint (DE 30), arguing that "newly-produced documents" demonstrate the impropriety of appraisal. Motion at 1. But the "newly-produced documents" were available to Plaintiff well before this Court issued its Order compelling appraisal, and the Motion is no more than a rehash of the arguments Plaintiff made in opposition to First Acceptance's Motion to Compel Appraisal (the "Appraisal

Motion"). Plaintiff has failed to satisfy the exacting requirements necessary to justify reconsideration and the Motion should be denied.

## ARGUMENT AND MEMORANDUM OF LAW

### I. Standard for Reconsideration

As this Court has explained, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l Union of Painters & Allied Trades Dist. Council No. 78 Health & Welfare Fund v. Argyros*, 2007 WL 1577840, *1 (M.D. Fla. 2007) (citations and internal quotations omitted). "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Fin'l,* 488 Fed. Appx. 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). Thus, a party seeking reconsideration is burdened to demonstrate "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear errors or prevent manifest injustice." *Argyros*, 2007 WL 1577840, *1. Absent such a showing, a motion to reconsider is properly denied. *Ocwen*, 488 Fed. Appx. at 428; *see also Carter v. Premier Restaurant Mgmt.*, 2006 WL 2620302 at *1 (M.D. Fla. September 13, 2006) ("Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.")

Where evidence was "available to a party" during the pendency of a motion, such evidence "may not later be introduced on a motion to reconsider" the Court's ruling on such a motion, and denial of reconsideration is within the Court's discretion. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 695 (M.D. Fla. 1994) (collecting cases). Similarly, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new

theories or arguments in a motion for reconsideration." *Villaflores v. Royal Venture Cruise Lines, Ltd.*, No. 96-2013-Civ-T-17B, 1997 WL 728098 at *2 (M.D. Fla. Nov. 17, 1997). The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Carter,* 2006 WL 2620302 at *1.

## II. The Documents Upon Which the Motion is Based Were Available to Plaintiff Well Before the Time the Court Ruled on the Appraisal Motion.

Plaintiff's assertion that his Motion is based on "newly-produced" documents borders on disingenuous. The Motion appends nine exhibits, all of which were available to Plaintiff before this Court ruled on the Appraisal Motion. Four exhibits—the First Acceptance insurance policy, the CCC One Market Valuation Report for Plaintiff's vehicle, the order in *Sos v. State Farm*, and the order in *Jones v. GEICO*—were filed by Plaintiff **before** the Court ruled on the Appraisal Motion.[1] Likewise, Plaintiff attached a copy of the amended complaint filed in *Bettor* to the Response as Exhibit E, but now asks this Court to review an exhibit to that complaint (the CCC One valuation report for the *Bettor* vehicle, which is attached to the Motion as Exhibit D). Plaintiff's counsel is undeniably facile in the use of PACER and could have submitted the exhibits to the *Bettor* complaint when the complaint itself was submitted with the Response, but chose not to do so.

Plaintiff also asks this Court to consider a June 2018 district court order in another case (*Roth v. GEICO*), a copy of which is attached to the Motion as Exhibit F. Although the copy of the *Roth* order attached to the Motion does not reflect the identities of counsel in that case, the

---

[1] The First Acceptance insurance policy and the CCC One Report (Exhibits C & E to the Motion) are attached to Plaintiff's Complaint as Exhibits A & B, as well as to Plaintiff's Response in Opposition to the Appraisal Motion (DE 23; the "Response") as Exhibits A & B. The *Sos* order (Exhibit G to the Motion) is attached to the Response as Exhibit D, and Plaintiff submitted the *Jones* order (Exhibit H to the Motion) under a notice of filing dated July 29, 2019 (DE 26).

order is published on Westlaw and reveals that Plaintiff's counsel in *Roth* are the same as Plaintiff's counsel in the instant case. *See Roth v. GEICO*, 2018 WL 3412852 (S.D. Fla. June 14, 2018) (copy attached as Exhibit A). So there is absolutely no doubt that Plaintiff's counsel knew about *Roth* and could have submitted that order for the Court's consideration in the Response, but did not do so.

Lastly, Plaintiff—who failed to timely submit (indeed, never submitted) Rule 26 disclosures—attaches to the Motion three documents from First Acceptance's Rule 26 disclosures, which were timely served on Plaintiff on July 24, 2019, three weeks before this Court ruled on the Appraisal Motion. One document (Exhibit B to the Motion) is a letter First Acceptance sent Plaintiff in 2017; the other two documents (Exhibits A & I to the Motion) are unremarkable summaries of claim information (all of which is included in the CCC One report attached to Plaintiff's Complaint as Exhibit B) and irrelevant salvage details.

Even if these documents were "newly-produced" with First Acceptance's Rule 26 disclosures on July 24, 2019, Plaintiff obviously knows how to submit items for consideration in connection with a pending motion that has been fully briefed. Plaintiff did just that on July 29, 2019 by filing a notice of supplemental authority which requested that this Court consider the order in *Jones v. GEICO* "in support of Plaintiff's Opposition" to the Appraisal Motion. *See* DE 26.

Apart from improperly asking this Court to consider evidence that clearly could have been submitted before this Court ruled on the Appraisal Motion, Plaintiff fails to credibly explain how the documents make a difference, thus falling far short of "set[ting] forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Argyros*, 2007 WL 1577840, *1 (citation and internal quotation marks omitted). Instead, Plaintiff simply relies on

4

the documents to reargue legal points that were covered in the Response. For instance, Plaintiff points to Exhibits A, B, and I to argue that there is no dispute concerning the amount of sales tax at issue. Motion at 2, 6-7. This is nothing new and was raised in the Response. *See* Response at 3, 7-8, 11.

### III. Plaintiff Asserts the Same Legal Arguments That Were Made in the Response.

Plaintiff admits a motion to reconsider is not a vehicle to reargue a point of law previously presented (Motion at 7), but Plaintiff does exactly that. Plaintiff's primary argument in the Response was that appraisal is improper because "[t]his case concerns the entirely legal question of contract interpretation, and whether Defendant's promise to pay the actual cash value ("ACV") of total-loss vehicles includes coverage for sales tax, title transfer fees and tag transfer fees." (DE 23 at 2). Plaintiff now repackages this argument, arguing that this dispute "concerns interpretation of the Policy and Florida statutory law, neither of which are appraisable issues." (DE 32 at 3). The gist of Plaintiff's argument in both filings is that this dispute presents legal issues that are unsuitable for appraisal, but this Court addressed and rejected that argument when it granted the Appraisal Motion. *See* Order at 6-8.

Plaintiff also repeats and expands his previous attempts to distinguish *Bettor* and *Moore*, the principal authorities First Acceptance argued in the Appraisal Motion. *See* Motion at 9-13. But Plaintiff's expanded arguments do not present a change in controlling law; instead, Plaintiff merely reargues (albeit more expansively) the same points he presented in the Response. *Compare* Motion at 9-15 *with* Response at 8-10. This Court carefully considered—and expressly rejected—such arguments in the Order compelling appraisal. *See* DE 30 at 6-7 (applying *Bettor* and *Moore* to conclude that "the instant litigation is not about coverage, it is solely about the amount of money paid to Plaintiff") (internal quotation marks omitted).

Summarizing, Plaintiff has done no more than reargue the same theories that were argued in the Response. "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotations omitted). To the extent Plaintiff frames his re-argument around "newly-produced" information, such information was available to Plaintiff (and could have been submitted to this Court) well before the Court ruled on the Appraisal Motion. A motion for reconsideration is not a vehicle to "raise argument or present evidence that could have been raised prior to the entry of the judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citing *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)). Plaintiff's Motion should be denied as it is "simply re-arguing the arguments that the Court rejected and disagreeing with the Court's decision." *Argyros*, 2007 WL 1577840, *2.

## CONCLUSION

Plaintiff has not made the extraordinary showing required to justify reconsideration. Plaintiff's reliance on "newly-produced documents" is misplaced since all such documents were previously presented to this Court or were available to Plaintiff before the Court entered its Order granting the Appraisal Motion. Plaintiff merely rehashes and expands upon previously-made legal arguments which this Court thoroughly evaluated and rejected. Accordingly, Plaintiff's Motion should be denied.

CASE NO: 8:19-cv-01101-SCB-CPT

**SHUTTS & BOWEN LLP**
*Attorneys for First Acceptance Insurance Company*
4301 W. Boy Scout Blvd., Suite 300
Tampa, FL 33607
Telephone:  (813) 227-8123
Facsimile:  (813) 227-8223

By:  */s/ Alyssa L. Cory*
  Frank A. Zacherl
  Florida Bar No. 868094
  *fzacherl@shutts.com*
  Erik R. Matheney
  Florida Bar No. 005411
  *ematheney@shutts.com*
  Alyssa L. Cory
  Florida Bar No. 118150
  *acory@shutts.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail this 4th day of September, 2019 to:

Andrew J. Shamis, Esq.
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue
Suite 1205
Miami, FL 33132
Telephone: (305) 479-2299
*Email addresses:*
*efilings@shamisgentile.com*
*aelsayed@shamisgentile.com*

Edmund A. Normand, Esq.
Jacob Phillips, Esq.
Normand PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
Telephone: (407) 603-6031
*Email Addresses*: *ed@normandpllc.com*
*Janna.sherwood@normandpllc.com*
*Jacob.phillips@normandpllc.com*

Scott Edelsberg, Esq.
Jordan D. Utanski, Esq.
EDELSBERG LAW, P.A.
19495 Biscayne Blvd.,#607
Aventura, FL 33180
Telephone: (305) 975-3320
*Email addresses:* *scott@edelsberglaw.com*
*utanski@edelsberglaw.com*

Christopher J. Lynch, Esq.
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, FL 33143
*Email Addresses*:  *clynch@hunterlynchlaw.com*
*lmartinez@hunterlynchlaw.com*

  */s/ Alyssa L. Cory*

7